IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CR-0199-003-CVE |
| v. ) | |
| ) | USM Number: 12196-062 |
| TERRY LEON KING, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for reduction of sentence (Dkt. # 523) under Amendment 794 (the Amendment) of the United States Sentencing Commission Guidelines Manual (Nov. 2015). On February 6, 2014, defendant appeared for sentencing following his plea of guilty to an indictment charging conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Defendant was sentenced to 120 months in the custody of the Bureau of Prisons. The Court imposed a five-year term of supervised release. In his plea agreement defendant waived his right to directly appeal his conviction and sentence, or collaterally attack the conviction and sentence except for claims based on ineffective assistance of counsel challenging the guilty plea or waiver of appellate and post-conviction rights, and waived his right to sentence modification pursuant to 18 U.S.C. § 3582(c)(2). Dkt. # 71, at 3. On September 22, 2015, the defendant's motion for sentence reduction (Dkt. # 486) based on Amendment 782, was denied. The denial was based on the Court's original finding that the defendant was a career offender (Dkt. # 512). Defendant filed a second motion for reduction of sentence (Dkt. # 515) on June 22, 2016, based on the Supreme Court's holdings in Johnson v. United States, 135 S.Ct. 2551 (2015), and Welch v. United States, 136 S.Ct. 1257 (2016).

On June 27, 2016, the defendant filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 516). On July 26, 2016, the Court filed an Order (Dkt. # 520) staying litigation of the § 2255 motion pending the Supreme Court's Decision in Beckles v. United States, No. 15-8544, 2016 WL 1020980.

Defendant now argues that he is entitled to a minimal role reduction based on the Amendment. He asserts that he did not have a lead role in the conspiracy and believes he is entitled to a four-level reduction under USSG §3B1.2(a).

The Amendment, a new application note, provides a non-exhaustive lists of factors for the Court to consider in determining whether to apply a mitigating role adjustment and, if so, the amount of the adjustment. See USSG §3B1.2, comment (n.3(C)). The Amendment, which only clarifies the factors to consider for a mitigating-role adjustment rather than a substantive change, is nonconstitutional and "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure,'" See Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)). The Court finds that the defendant was afforded the opportunity to raise the minimal role adjustment at his sentencing and chose not to do so.

Because the defendant's motion for sentence reduction is not a direct appeal or a collateral attack under § 2255, "the vitality of his motion depends entirely on 18 U.S.C. § 3582(c)." See United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). Section 3582(c) allows the court to modify a sentence in three limited circumstances: upon motion of the Director of the Bureau of Prisons if special circumstances exist; if otherwise expressly permitted by statute or Rule 35 of the

Federal Rules of Criminal Procedure; or if the sentencing range is subsequently lowered by the Sentencing Commission. Id at 541.

Defendant's motion is based on the last circumstance, an alleged reduction of the sentencing range applicable to him. 18 U.S.C. § 3582(c)(2). First, the Court notes that defendant waived his right to sentence modification pursuant to § 3582(c)(2). See Dkt. # 71, at 3. However, even if defendant had not waived the right, the Amendment did not lower the sentencing range. Further, the authority to reduce a term of imprisonment is tied to factors contained in 18 U.S.C. § 3553(a), which include any pertinent policy statements of the Sentencing Commission. See 18 U.S.C. § 3553(a)(5). Pursuant to the policy statement in USSG §1B1.10(a)(2), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if - (A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Amendment 794 is not listed in the amendments covered by the policy statement; therefore, the Amendment cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence. USSG §1B1.10(d); see also United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993).[1]

---

[1] Even if the Amendment were retroactive, defendant would not be entitled to a sentence reduction under §3B1.2 because, based on the facts in the record, defendant is not substantially less culpable than the average participant. See USSG §3B1.2, comment (n.3(C)) ("[T]he determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment is based on the totality of the circumstances and involves a determination that is heavily dependant on the facts of the particular case.") Between June 2011 and November 6, 2012, in the Northern District of Oklahoma, defendant purchased in excess of 20 pounds (9.07 kilograms) of marijuana and 30 ounces of (850.49 grams) of methamphetamine from the Yanez drug trafficking organization for further distribution.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (Dkt. # 523) is **denied.**

**IT IS FURTHER ORDERED** that defendant's other motions (Dkt. ## 515, 516) remain pending and are stayed until the United States Supreme Court rules in Beckles.

**IT IS SO ORDERED** this 13th day of September, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE