# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CR-0199-CVE-3 |
| | ) | (16-CV-0405-CVE-FHM) |
| TERRY LEON KING, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant's motion for reduction of sentence (Dkt. # 515) and motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 516). Defendant pled guilty to one count of possession with intent to distribute in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A)(viii). Dkt. # 71, at 1. Under the 2013 United States Sentencing Guidelines (U.S.S.G.), which were in effect at the time of defendant's sentencing, a defendant who was a "career offender" was subject to the following sentencing enhancement:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The guidelines defined "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person or another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a). The clause beginning with "or otherwise" is known as the residual clause. See Beckles v. United States, 137 S. Ct. 886, 891 (2017). Defendant was found to be a career offender under the sentencing guidelines, and his resulting guideline range was 262-327 months. Defendant was sentenced to a term of imprisonment of 120 months. Dkt. # 387, at 2. The Court entered judgment on February 10, 2014, and defendant did not directly appeal his sentence.

On June 22, 2016, defendant filed a motion for sentence reduction (Dkt. # 515), and on June 27, 2016, defendant filed a § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 516). Both motions assert that defendant is entitled to relief under Johnson v. United States,135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act (ACCA) unconstitutional. Prior to Johnson, the ACCA defined "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding on year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that, --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
> . . . .

18 U.S.C. § 924(e)(2). In Johnson, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2556-57. Thus, § 4B1.2(a)'s residual clause, under which defendant's guideline range was enhanced, uses the same wording as the ACCA's residual clause that the Supreme Court found unconstitutionally vague. Defendant argues that the § 4B1.2(a) residual clause is, therefore,

2

unconstitutionally vague, and he asks the Court to vacate his custodial sentence and resentence him without the career offender enhancement. Dkt. # 63-1, at 9.

On June 27, 2016, the Supreme Court granted certiorari in Beckles, to resolve the application of Johnson to the sentencing guidelines. This Court stayed this case pending the Supreme Court's decision in Beckles. Dkt. # 68. On March 6, 2017, the Supreme Court issued a decision in Beckles, holding that the sentencing guidelines are not subject to due process vagueness challenges. 137 S. Ct. at 897. The Supreme Court found that, unlike the ACCA, the sentencing guidelines "merely guide the district courts' discretion." Id. at 894. Because the district courts retain discretion, the guidelines do not implicate the two concerns underlying the vagueness doctrine — providing notice and preventing arbitrary enforcement. Id. Notice is not implicated because an offender is already on notice that a court could impose an enhanced sentence in its discretion absent the career offender enhancement. Id. And the guidelines do not implicate arbitrary enforcement because they merely "advise sentencing courts how to exercise their discretion within the bounds established by Congress." Id. at 895. Therefore, the Supreme Court found that the advisory sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness. Id.

Defendant argues that he is entitled to relief because § 4B1.2(a)'s residual clause is unconstitutionally vague. Defendant's argument was squarely rejected by the Supreme Court in Beckles, and, therefore, this Court cannot grant him relief under Johnson.

Apart from his Johnson argument, both of defendant's motions raise additional issues. First, defendant's motion for reduction of sentence also asserts that defendant is entitled to a reduced sentence because (1) his sentence was enhanced for possessing a gun, but he was never charged with

3

possessing a gun;[1] (2) he fully cooperated with the government, and (3) he has been a model inmate. Dkt. # 515, at 1-2. A defendant may be eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) "only if a defendant's sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' by way of amending the Guidelines." United States v. Terrones-Lopez, 564 F. App'x 406, 409 (10th Cir. 2014)[2] (quoting 18 U.S.C. § 3582(c)(2)). Defendant has not identified, nor could the Court find, a change in the guidelines that would lower defendant's sentence. Therefore, defendant's motion for reduction of sentence will be denied.

Second, defendant filed two supplements to his § 2255 motion (Dkt. ## 527, 528) arguing that his sentence should be reduced because he had only a minor role in the drug conspiracy. Dkt. # 527, at 2-3; Dkt. # 528, at 1-2. Under 28 U.S.C. § 2255(f), a criminal defendant has one year from "the date on which the judgment of conviction becomes final" to file a motion for relief under § 2255. If a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). If a defendant does not appeal, the conviction becomes final after the defendant's deadline to file an appeal has expired. United States v. Guerrero, 488 F.3d 1313, 1316 (10th Cir. 2007). The one year statute of limitations is subject to equitable tolling when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008).

---

[1] Defendant received a two level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon.

[2] This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

In this case, defendant's conviction became final on February 24, 2014. Thus, defendant's § 2255 motion is untimely if it was filed after February 24, 2015. Defendant did not file his motion until June 27, 2016. As required by Day v. McDonough, 547 U.S. 198 (2006), the Court gave defendant notice and an opportunity to respond before dismissing his § 2255 claims, apart from his Johnson claim, as time-barred. Dkt. # 529. Defendant responded that new evidence was made available in October 2016 that proves he was not in a leadership role.[3] Specifically, defendant argues that statements made by his codefendants show that the drug conspiracy began long before defendant was involved and he was not a leader in the conspiracy. Dkt. # 530, at 1.

Statements made by codefendants are not newly discovered if the defendant was aware of the substance of the statements prior to trial. See United States v. Foy, 540 F. App'x 828, 832 (10th Cir. 2013) (citing United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir. 1994)); see also United States v. Hughes, 41 F. App'x 276, 279 (10th Cir. 2002). The statements defendant claims are newly discovered relate to defendant's relationship to the drug conspiracy, a relationship about which defendant would be knowledgeable. See Foy 540 F. App'x at 832-33 ("Mr. Wesley's affidavit relates to the nature and extent of his relationship with Mr. Foy, facts that would have been known to Mr. Foy at the time of the trial. Mr. Wesley's affidavit is, accordingly, not newly discovered evidence for purposes of his § 2255 motion.") (citation omitted). Thus, statements made by his codefendant's about defendant's role in the drug conspiracy are not newly discovered evidence.

---

[3] Defendant appears to conflate a sentencing enhancement under U.S.S.G. § 3B1.1 for being an organizer, leader, manager, or supervisor of criminal activity with a sentencing reduction under U.S.S.G. § 3B1.2 for being a minor or minimal participant in the criminal activity. Defendant did not receive either a sentencing enhancement or reduction for his role in the offense.

5

Defendant also argues that he did not know how to file a § 2255 motion, and did not have the opportunity to do so earlier, because he spent the first year of his sentence in solitary confinement. However, neither lack of knowledge about § 2255 or solitary confinement constitute extraordinary circumstances that would justify equitable tolling of § 2255(f)'s one year statute of limitations. United States v. Buckaloo, 257 F. App'x 88, 90 (10th Cir. 2007). Defendant provides no other reason why his motion is not untimely. Thus, defendant's § 2255 claims, apart from his Johnson claim, will be denied as time-barred.

**IT IS THEREFORE ORDERED** that the stay in this case (Dkt. ## 520, 524) is **lifted**. Defendant's motion for reduction of sentence (Dkt. # 515) and motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 516) are **denied**.

**DATED** this 14th day of June, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE